# COUNTY OF LINCOLN.

————o————

### David Lawrence *versus* Samuel Ford.

Quarter costs only can be taxed for the plaintiff, when it appears on the rendition of judgment that the action should have been originally brought before a justice of the peace.

Whether an action should have been brought before a justice of the peace, is to be determined ordinarily by the amount of the judgment.

Where the defendant filed an account in set-off, and thereafter offered to be defaulted for a sum less than twenty dollars, the plaintiff, in order to recover full costs, should have it appear that his acceptance of the offer was by reason of a reduction of his judgment, in consequence of the account filed in set-off.

Exceptions were taken to the ruling of Hathaway, J., in this case, which is Assumpsit on an account annexed in a bill of particulars to the writ, for $36.80. On the first day of the term, the defendant filed his account in set-off, amounting to $24.92, a bill of particulars of which was ordered and filed in vacation. On the third day of the term the defendant offered to be defaulted for $19, debt and legal costs, which was by the plaintiff accepted, and the defendant defaulted.

The judge decided and ruled as matter of law, that judgment being for less than $20, the plaintiff was entitled to only one fourth of the damages as costs.

To which ruling and decision the plaintiff excepted.

*W. Hubbard,* counsel for the plaintiff, excepting, submits:

1st. The action was properly brought into this court;

2d. The defendant, having filed his account in set off, and not having withdrawn it, when he made his offer of default, is presumed to have made his offer for the balance due from him;

3d. Therefore it is equivalent to a finding by jury, and their certificates requisite to the plaintiff's recovery of full costs.

*H. Ingalls*, counsel for the defendant.

This is an action upon an account annexed, and the defendant filed an account in offset. At the second term the defendant offered to be defaulted for $19, and legal costs, which offer was accepted by the plaintiff, and the defendant defaulted for that sum as damages. The court allowed one quarter part of that sum as costs. The plaintiff claimed full costs, and excepted to the ruling of the presiding judge as to costs.

1. By the R. S., ch. 151, s. 13, it is provided, that "if, in any action originally brought before the Supreme Judicial Court or any District Court, it shall appear, *on the rendition of judgment*, that the action should have been originally brought before a justice of the peace or the judge of any municipal or police court, the plaintiff shall not be entitled to recover for costs more than one quarter of the amount of debt so recovered."

By this statute it must appear, " *on the rendition of judgment*," when the action should have been commenced. In this case the only evidence upon this matter before the court, was the amount of damages recovered by the plaintiff. It did not appear whether anything was due upon the account in offset or not, or that there was more than the sum of $19 due upon the plaintiff's account. The defendant offers $19, and the plaintiff accepts it. That is the whole case. Nothing further appears " *on the rendition of judgment.*" Account in offset filed is not proof of it.

2. The only exception in actions of assumpsit as to costs, in case the damages are less than $20, is in ch. 115, s. 99. Full costs can be allowed in such cases only where " the *jury shall certify in their verdict that the damages* were reduced as low as that sum by means of the amount allowed by them on account of said set-off, and as due upon it." In

this case there was no such certificate by the jury or any such adjudication by the court, even if that would avail.

3. The earlier decisions in Massachusetts and this state, in relation to costs in such cases, are inapplicable to this case, as the two sections of the Revised Statutes, above referred to, establish an entirely different rule as to costs in such cases. Statute of 1821, ch. 59, s. 20. *Thompson* v. *Tompson*, 31 Maine R., 120, is a decision under the Revised Statutes, and is a case in point.

4. Justices of the peace have jurisdiction of all actions, (with certain exceptions, of which this is not one,) in which the damages do not exceed $20. The amount due the plaintiff in this case was $19. The action should, therefore, have been commenced before a justice of the peace. R. S., ch. 116, s. 1.

MAY, J. By the R. S., ch. 151, s. 13, quarter costs only can be taxed for the plaintiff, when it appears on the rendition of judgment, that the action should have been originally brought before a justice of the peace. Whether an action ought to have been so brought, is ordinarily to be determined by the amount of the judgment. If, as in this case, that amount does not exceed twenty dollars, the plaintiff's costs can be only one quarter part as much as his debt or damage, unless a different rule of taxation is authorized by some other statute.

It is contended that the provisions of the R. S., ch. 115, s. 99, apply to this suit. That section provides, that " in actions on contract, in which an account is filed in set-off, although the damages found for the plaintiff shall not exceed twenty dollars, he shall be entitled to full costs, provided the jury shall certify in their verdict that the damages were reduced as low as that sum, by means of the amount allowed by them on account of said set-off, and as due upon it. We do not think that the facts in this case bring it within the provisions of this statute. There is nothing which satisfactorily shows that the judgment was reduced below twenty

Lawrence *v.* Ford.

dollars, by means of anything due to the defendant upon the account in set-off. We do not mean, however, to decide that the reason of such reduction must in all cases appear from the certificate of the jury. It may be shown by the agreement of the parties, or by the adjudication of the court, when the court, instead of the jury, by the express or implied consent of the parties, are called upon to assess the damages. The fact must appear in some way; otherwise quarter costs only can be allowed.

From the exceptions in this case, it appears that the defendant filed his account in set-off; and offered to be defaulted for a sum less than twenty dollars; but it does not appear, either from the offer, or its acceptance, or in any other way, that the account in set-off was the reason why no more was offered, or why the offer was accepted. In cases such as this, the plaintiff, if he wishes to recover full costs, should be careful to have it appear upon the docket, that his acceptance of the offer was upon the ground or condition that his judgment should be regarded as being reduced to the amount accepted, by reason of the amount due to the defendant upon his account filed in set-off. This not having been done, the exceptions must be overruled.

*Exceptions overruled.*

DAVIS, J., *dissenting.* The suit of the plaintiff is upon an account annexed, amounting to $36.80. The defendant seasonably filed an account in set-off, and then offered to be defaulted for nineteen dollars. Upon these facts the presiding judge " decided and ruled, *as a matter of law, that the judgment being for less than twenty dollars,* the plaintiff was entitled to only one fourth of the damages as costs."

It is not the *rule of law* that the plaintiff is to be restricted to quarter costs whenever his judgment is for less than twenty dollars. The statute prescribes a different rule : — " if it *shall appear* on the rendition of judgment that the action should have been originally brought before a justice of the peace." R. S., ch. 151, s. 13. The amount of the judg-

ment sometimes, but by no means invariably, determines the question. It not unfrequently is the case that the plaintiff is entitled to full costs, when his judgment is for less than twenty dollars. *Williams* v. *Veazie,* 8 Greenl. R., 106; ib. 138. Whenever the plaintiff, in any contingency, has a claim at the time his suit is commenced for a larger sum than is within the jurisdiction of a justice of the peace, he is entitled to full costs, though his judgment is for less than twenty dollars. *Chesley* v. *Brown,* 11 Maine R., 143. The decision in regard to costs must always turn—not upon the amount of the judgment—but upon the question whether, in any contingency, it was necessary for the plaintiff to bring his suit in this court. And this question must, in every case, be determined by the court as a matter of fact, and not of law.

And unless the facts show beyond any doubt that there could have been no such necessity, the plaintiff is entitled to full costs. For the general provision of law gives full costs to the prevailing party. R. S., ch. 115, s. 56. This applies to all cases not clearly excepted from it. *Ellis* v. *Whittier,* 37 Maine R., 548. It is not for the plaintiff, therefore, to show that *he is entitled* to full costs. He is so entitled, unless the facts make it " appear " affirmatively that he is not. The burden of proof is not upon him. If the facts leave it uncertain, or doubtful, the doubt is in his favor.

I cannot perceive how the facts in this case can authorize the conclusion that the action should have been brought before a justice of the peace. The plaintiff declares that there is due upon his account $36.80. The defendant does not deny it, but declares that he has an account against the plaintiff, on which is due $24.92, and he files it in set-off. There is no *proof* that anything was due upon either. The offer to be defaulted, and the acceptance of the offer, cannot reasonably be supposed to refer to any consideration but the balance of one account over the other. What right, then, has the court, without any proof, to *assume* that there

was only the sum of nineteen dollars due on the plaintiff's account; or that there was nothing due on the defendant's account,—when he declares that it was all due, and when it is conclusively barred by the judgment? *Smith* v. *Berry*, 37 Maine R., 298. And yet both of these propositions must be assumed, or proved, before it can "*appear* that the action should have been brought before a justice of the peace."

In the case of *Hathorn* v. *Cate*, 5 Greenl. R., 74, the defendant filed an account in set-off, and then offered to be defaulted for $15.50. The plaintiff accepted the offer, and the court held that he was entitled to full costs. I am aware that *since that time* another provision of statute has been made, that "although the damages found for the plaintiff shall not exceed twenty dollars, he shall be entitled to full costs; provided *the jury* shall certify, *in their verdict*, that the damages were reduced by means of the account in set-off." R. S., ch. 115, s. 99. But this provision manifestly applies to those cases only *in which there is a verdict*. All other cases are left as before, to be determined by the question whether the suit should have been brought before a justice of the peace.

It is suggested that the plaintiff, if he would have avoided being restricted in his costs, should have been " careful to have it appear upon the docket, that his acceptance of the offer was upon the ground or condition that his judgment should be regarded as being reduced to the amount accepted, by reason of the amount due upon the account filed in set-off."

It need not be said that such an entry would not be the certificate of a jury, " in their verdict." Nor would such an entry, if made, afford any evidence beyond what is already before the court, of the fact stated. Such an entry would not bring the case within the provision of statute referred to. It was not for the plaintiff, therefore, to be careful to make it appear that his action should *not* have been brought before a justice of the peace. It was enough for him that it

did not appear that his action *should* have been so brought. I am, therefore, of opinion that he is entitled to full costs, and that the exceptions should be sustained.